**J. B. HESTER et al.,**
**Plaintiffs,**

v.

**HIDDEN VALLEY LAKES, INC.,**
**et al., Defendants.**

**No. DC 74-41-S.**

United States District Court,
N. D. Mississippi,
Delta Division.

Oct. 21, 1975.

------

Thomas A. Stroud, Memphis, Tenn., H. Kirk Moore, Jr., Senatobia, Miss., for plaintiffs.

William C. Bateman, Jr., Memphis, Tenn., R. M. P. Short, Como, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court on defendants' motion to dismiss which has been submitted for decision on the pleadings, affidavits, and memoranda and argument of counsel.

The district courts are reluctant to sustain a motion to dismiss on the pleadings. This reluctance has been created by the universal acceptance by the bench and bar of the rule enunciated by the Supreme Court in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) to the effect that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45, 78 S.Ct. at 102, 2 L.Ed.2d at 84. It is with this rule in mind that the court has given consideration to the motion to dismiss.

The complaint was filed with the clerk on April 24, 1974. Service was not accomplished on defendants until March 11, 1975. These circumstances give rise to a controversy between the parties as to the date upon which any applicable statute of limitations might have been tolled. Plaintiff contends that the date of filing the complaint with the clerk is the applicable date. Defendants argue that plaintiffs were dilatory in obtaining the service of process, resulting in an inordinate delay, and that the proper date for tolling of the statute of limitations is the date upon which service of process was had upon the defendants. Counsel for both parties have supported their contentions with numerous authorities.

The court had this question for decision in the case of *Alford v. Whitsel*, N.D.Miss., E.D. On June 4, 1971, the court released an opinion, published in 52 F.R.D. 327, in which the court held that federal, rather than state, law controlled the issue of when an action is commenced for the purpose of tolling the applicable statute of limitation. The court further held that, under the clear language of Fed.R.Civ.P. 3, the filing of the complaint with the court is all that is necessary to commence an action. The court is, therefore, of the opinion that any statute of limitations which may apply to the cause of action stated in the complaint was tolled on April 24, 1974, the day upon which the complaint was lodged with the clerk.

Sometime in 1970, defendant Hidden Valley Lakes, Inc., (hereinafter referred to as "Hidden Valley") purchased approximately 270 acres of land in Tate County, Mississippi (hereinafter referred to as the "development"). Defendants undertook to develop the land into resort or recreational home sites by promoting the sale of lots in interstate commerce.

Plaintiff John J. Ronza and his wife purchased one of the lots on September 20, 1970. Plaintiff Maurice R. Bailey and his wife purchased a lot September 7, 1970. Plaintiff J. B. Hester and his wife purchased two lots on April 30, 1971, and a third lot on April 9, 1972.

The recital of the aforementioned dates brings the court to another ground upon which defendants seek dismissal of the complaint. Defendants maintain that

plaintiffs must affirmatively plead compliance with the statute of limitations where suit is brought pursuant to a legislative act which creates a new cause of action, one which was unknown to the common law. In the case at bar, the major portion of the complaint is devoted to a claim under the Interstate Land Sales Full Disclosure Act (hereinafter referred to as "the act"), 15 U.S.C. § 1701 *et seq.* The act's statute of limitations is contained in 15 U.S.C. § 1711.[1]

■ The court does not feel it necessary to decide the question of whether plaintiffs must affirmatively plead compliance with the statute of limitations inasmuch as plaintiffs have filed a motion for leave to amend the complaint which, if granted, will cure this defect alleged by defendants. The court has concluded, that, pursuant to Fed.R.Civ.P. 15(a), leave of court to amend the complaint should be granted.

Turning then to the question of whether plaintiffs' claims under the act are barred by Section 1711, the court has carefully scrutinized the statutory scheme and has determined that, to an extent, defendants' motion in this regard is well taken.

Three time periods must be considered in order to ascertain whether Section 1711 bars plaintiffs' claims. First, under the "umbrella" limitations period, any lawsuit brought under the act must be filed within three years following the date of the sale of the land.[2] Plaintiffs concede that, under a literal reading of the statute, only the Hesters have a claim upon which suit was filed prior to the expiration of three years from the date

of purchase.[3] However, plaintiffs argue for an expanded reading of Section 1711 to the effect that the defendants' failure to furnish plaintiffs with a property report approved by the Department of Housing and Urban Development (HUD) and to file a statement of record with HUD were in the nature of a continuing violation of the act, rendering their contracts with defendant voidable under Section 1703 of the act until the defendants, pursuant to an agreement with HUD in February of 1973, furnished property reports to plaintiffs and offered to repurchase the plaintiffs' lots. Plaintiffs also contend that the offer to repurchase, which was rejected by the plaintiffs should be construed as a new and separate sale to the plaintiffs within the meaning of the act's statute of limitations.

The court is unpersuaded by plaintiffs' arguments. The language of Section 1711 is clear. Congress obviously intended to place an absolute limit on the length of time within which aggrieved parties must sue to enforce their rights under the act. Further, the liberal construction for which plaintiffs argue would not promote stability in titles to land.

■ Although the contracts between plaintiffs and defendants may have been voidable under Section 1703 until such time as plaintiffs were furnished an approved property report, the court does not feel that the dates upon which the contract became binding upon the parties (February 12 or 13, 1973) can be construed as the date of purchase as contemplated in Section 1711. Had de-

---

1. No action shall be maintained to enforce any liability created under section 1709(a) or (b)(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under section 1709 (b)(1) of this title, unless brought within two years after the violation upon which it is based. In no event shall any such action be brought by a purchaser more than three years

after the sale or lease to such purchaser. 15 U.S.C. § 1711.

2. "In no event, shall any such action be brought by a purchase more than three years after the sale . . . to such purchaser." 15 U.S.C. § 1711.

3. It will be remembered that the Ronzas and the Baileys purchased in 1970; the Hesters in 1971 and again in April of 1972. The complaint was filed on April 24, 1974.

fendants flatly refused to furnish plaintiffs property reports or to file a statement of record, the contracts would have continued to be voidable (unless suit were brought) until September of 1973. At that time, any suit by the Baileys and Ronzas would have been barred by the umbrella statute of limitations. By extending the period during which the defendants would be exposed to the possibility of imposition of liability, plaintiffs' argument would, in effect, penalize the defendants for attempting to bring themselves into compliance with the provisions of the act.

In sum, the court has concluded that the defendants' offer to repurchase and the plaintiffs' subsequent rejection thereof was not a separate purchase in the contemplation of umbrella statute of limitations contained in 15 U.S.C. § 1711. Accordingly, the three-year umbrella statute of limitation bars the claim of the plaintiffs Bailey and Ronza. However, the purchases by the Hesters occurred on April 30, 1971 and April 9, 1972. Since these dates are less than three years prior to the date upon which the complaint was filed, April 24, 1974, the Hesters' action is not barred by the umbrella statute of limitations.

The court's holding concerning the umbrella statute of limitations fails to dispose of the problem of the application of Section 1711 to the facts in the case at bar. The court must proceed to determine whether the Hesters' suit is also timely under the one year statute of limitations applicable to their claims under 15 U.S.C. § 1709(a) or (b)(2).[4]

In their complaint, the Hesters allege that the defendants violated Section 1709(b)(2) by including untrue statements of material facts in the property report ultimately furnished plaintiffs and that the property report failed to state material facts required to be included therein. These allegations relate to representations in the property report as to the costs of maintaining common facilities in the development, the type and size of mobile homes which would be allowed in the development, the maintenance of streets and roads and other matters of that sort. However, it appears that plaintiffs' primary complaint concerning the property report involves the representation in the report that "[t]he land is suitable for septic tanks . . . ." Plaintiffs claim that they have discovered that the land is eminently unsuitable for septic tanks and that county officials have consequently required the installation of a costly sewerage system prior to the construction of homes in the development. The complaint contains similar allegations concerning the inclusion of untrue statements of material facts and omissions of required material facts in the statement of record filed with HUD. These allegations, if true, would constitute violations of 15 U.S.C. § 1709(a).

Defendants maintain that plaintiffs' claims under both Section 1709(a) and 1709(b)(2) are barred by Section 1711. Since the original property report and statement of record were furnished plaintiffs in February of 1973, defendants argue that plaintiffs failed to exercise "reasonable diligence" in discovering the untrue statements in and omissions from the property report and statement of record which plaintiffs claim existed. Plaintiffs counter defendants' assertion with the argument that they had no reason to suspect anything was amiss with the property report or statement of record, particularly as to the suitability of the land in the development or the use of septic tanks, until June or August of 1973. Affidavits submitted concerning the matter, indicate that the Hesters were unaware of any discrepancies until June of 1973. Other property owners may have been unaware of

---

4. No action shall be maintained to enforce any liability created under section 1709(a) or (b)(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence . . . . 15 U.S.C. § 1711.

the situation regarding the septic tanks and other problems until a property owners' meeting was called by the management of Hidden Valley Lakes, Inc., in August of 1973.

The court has concluded that the Hesters did not fail to exercise due diligence by discovering in June or August of 1973 the facts underlying the allegations contained in the complaint which was filed April 24, 1974. Accordingly, the court finds that the Hesters have complied with the one-year statute of limitations in Section 1711 for actions pursuant to Section 1709(a) or (b)(2).

■ The final issue for determination regarding Section 1711 is whether the Hesters have complied with the two-year statute of limitations in which actions for rescission may be brought under Section 1709(b)(1) which imposes liability upon a developer selling subdivision lots in violation of Section 1703. Under Section 1703, a contract for the purchase of a lot is voidable at the option of the purchaser "where the property report has not been given to the purchaser in advance or at the time of his signing" of the contract.

Under Section 1711, an action for rescission must be "brought within two years after the violation upon which it is based." The court is of the opinion that this language, in the context of a suit for rescission because of the developer's failure to furnish a property report at or before the time of sale, refers to the date of contract or agreement to purchase. Since all of the purchases by the named plaintiffs, the Hesters included, predate April 24, 1972 (two years prior to the date of the filing of the complaint), the plaintiffs' claims under 15 U.S.C. § 1703 are barred by the two-year statute of limitations.

By way of summary, the court holds that the portion of the complaint containing the claim of the Baileys and Ronzas under the Interstate Land Sales Full Disclosure Act must be dismissed for failure to comply with the three-year umbrella statute of limitations contained in 15 U.S.C. § 1711. The Hesters' claims under 15 U.S.C. § 1709(a) and (b)(2) may be prosecuted; however, their claim under Section 1709(b)(1), and consequently Section 1703, is barred by the applicable statute of limitations.

In their complaint, plaintiffs also allege causes of action under the Securities Act of 1933 and the Securities and Exchange Act of 1934. Defendants' motion to dismiss is directed to plaintiffs' claims under the securities laws as well as the Interstate Land Sales Full Disclosure Act.

While the court has serious reservations concerning plaintiffs' ability to state a claim under the federal securities laws, particularly in view of the statements of the named plaintiffs as to their intent and motivation in purchasing property from the defendants which are contained in their affidavits submitted in support of their motion to maintain the suit as a class action, the court does not deem a motion to dismiss to be the proper vehicle for a just determination of plaintiffs' claims in this regard. Accordingly, that portion of defendants' motion to dismiss will be overruled without prejudice to defendants' right to resubmit the issue for the court's consideration on a motion for summary judgment, which should be supported by evidence in the form of affidavits or otherwise, as to the nature of the promotion of the sale of the lots in question. Plaintiffs may, of course, respond in kind.

In view of the court's holding as to the viability of the Hesters' claim under the Interstate Land Sales Full Disclosure Act, the plaintiffs' pendent claim under the law of the State of Mississippi will not be dismissed by the court.

Because the court's ruling pertaining to the effect of the statute of limitations in the Interstate Land Sales Full Disclosure Act on the plaintiffs' claims will undoubtedly alter the positions of the parties regarding plaintiffs' motion to

certify the class and motion to compel answers to interrogatories, the court will not pass upon the merits of those two motions at this time. Rather, the motion to certify will be overruled without prejudice to plaintiffs to file another such motion which will contain a proposed definition of the plaintiff class which reflects the court's actions of to-day. Particularly, the motion to certify should speak to the issue of the satisfaction of the numerosity requirement of Fed.R.Civ.P. 23. The court will also require plaintiffs to conform and limit the interrogatories which they have propounded to defendants to reflect the provisions of the court's decision today.

An appropriate order in accordance with this opinion will be entered by the court.