**UNITED STATES of America, Plaintiff,**

v.

**Patrick RUSSO, Jr., Defendant.**

**Crim. A. No. 80–413.**

United States District Court,
D. New Jersey.

Nov. 22, 1982.

W. Hunt Dumont, U.S. Atty. by Philip Sellinger, Asst. U.S. Atty., Newark, N.J., for plaintiff.

Goldman & Hafetz by Frederick P. Hafetz, New York City, for defendant.

## OPINION

SAROKIN, District Judge.

### INTRODUCTION

The Speedy Trial Act was enacted primarily to prevent the accused from languishing in prison for extended periods of time awaiting trial. Congress recognized that the accused and the public had an interest in the swift disposition of criminal charges, and the right to a speedy trial was extended to all defendants charged with federal crimes.

In this matter, the court is confronted with the following situation. A defendant, through his counsel, requested an adjournment of the trial date and another judge of this court acceded to that request. Defendant waited until he believed the required time for trial under the statute had expired and then moved for dismissal. In other words, the court, having granted the adjournment requested by a defendant, is now being asked to dismiss the indictment against that defendant because of action taken by the court at defendant's request.

Congress, in its wisdom, has determined that the time limits fixed by the statute cannot be waived by the accused, because the public has an interest in the speedy disposition of criminal matters, which is independent of the interests of the accused. It is inconceivable to this court that it is in the public interest to dismiss an indictment against an individual where the grounds for such dismissal are procured by his own acts. Rather than build confidence in the fairness of our criminal justice system, such a result would be a mockery of it and would justify

the citizenry in rising up to destroy the temples of justice.

Although it would be an inappropriate consideration for the court in deciding this motion, the case is unique in that the defendant has been tried and found guilty of the crimes charged.[1] Therefore, to grant defendant's motion would free a person who has been found guilty by a jury of his peers solely because he requested an adjournment and received it. If that is the law of the land, then the land, indeed, is in trouble. If the public interest is a valid concern, as it should be, it will not be served by such a perversion of justice.

## FACTUAL BACKGROUND

On April 23, 1981, a jury found Patrick Russo guilty of conspiracy and embezzlement in violation of federal law. An appeal was taken and on April 6, 1982, the United States Court of Appeals for the Third Circuit issued its decision, reversing the defendant's conviction because of a defect in the jury instructions. That court issued a judgment in lieu of a formal mandate on May 21, 1982, which was received and filed in the Clerk's office of this court on May 25, 1982. The provision of the Speedy Trial Act governing retrial after appeal of a conviction requires that defendant's retrial commence "within seventy days from the date the action occasioning the retrial becomes final." 18 U.S.C. § 3161(e) (Supp. 1982).

On July 12, defense counsel requested a continuance of the retrial to "a date in September", pursuant to a provision of the Speedy Trial Act which permits the granting of continuances when justice would be served thereby. 18 U.S.C. § 3161(h)(8) (Supp.1982). Defendant's counsel, by affirmation, put forth as reasons justifying the continuance, his involvement in two other cases in July which precluded any preparation for Mr. Russo's trial until the month of August, and his scheduled vacation for two weeks beginning August 16. The United States Attorney did not object to the defendant's request for a continuance.

On July 13, a judge of this court granted the requested continuance ". . . for the reason that defendant's counsel is presently engaged in the trial of other federal criminal matters . . .", and that ". . . in the interest of justice defendant should be represented at trial by the attorney of his choice who defended him also at the original trial . . . ." The court further found that ". . . the ends of justice served by the granting of this continuance outweigh the best interest of the public and of the defendant in a speedy trial." The court adjourned the trial until September 28, 1982. It further ordered that the period from July 31, 1982 to September 28, 1982, be excludable in calculating the speedy trial time.

Upon the assignment of the case for retrial it was placed on this court's calendar to commence on September 29. On that morning defendant moved, on papers filed September 23, to dismiss the indictment because the retrial had not commenced within the time required by the Speedy Trial Act. The motion was heard and decision was reserved. The trial commenced and later resulted in a conviction.

## DISCUSSION OF THE LAW

Defendant's motion raises the question of when the speedy trial time commences to run after reversal of a conviction on appeal. There are three possible dates to start the time running: the date the Court of Appeals issues its opinion or decision, the date the Court of Appeals issues its mandate, or the date that the mandate is received and filed in the district court. Defendant urges that the calculation be made from either the date of the opinion or the date of the issuance of the mandate, while the United States Attorney urges that the calculation be made from the date of receipt of the mandate by the district court. If the time is calculated as urged by defendant, the speedy trial seventy-day period expired at the latest on July 30. This date falls before the July 31 date, the date upon which the excluded time began in the order granting

---

1. The lateness of the motion prevented the court from dealing with it prior to trial. Any further adjournments clearly would have put the matter beyond the Speedy Trial Act limits.

the continuance. Defendant's position is that this order was ineffective to extend the speedy trial period. The United States Attorney's position is that May 25 is the correct date to begin the calculation, making the initial seventy days expire on August 3. Because this date occurs after the July 31 date for excluding time from the calculation, the government's position is that the order was effective to extend the speedy trial time to September 28. The court, therefore, must first determine which of these three dates is the correct one to commence the speedy trial calculation.

18 U.S.C. § 3161(e) provides:

(e) If the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final. If the defendant is to be tried again following an appeal or a collateral attack, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final, except that the court retrying the case may extend the period for retrial not to exceed one hundred and eighty days from the date the action occasioning the retrial becomes final if unavailability of witnesses or other factors resulting from passage of time shall make trial within seventy days impractical. The periods of delay enumerated in section 3161(h) are excluded in computing the time limitations specified in this section. The sanctions of section 3162 apply to this subsection.

The task here is to determine the meaning of the words, "the date the action occasioning the retrial becomes final" in the statute.

Initially, it is evident that the date of issuance of the Court of Appeals' decision is not the date contemplated by the statute. The action of the Court of Appeals is not "final" as of this date, for it is subject to change until a formal mandate is issued. The Court of Appeals retains jurisdiction over a case until it has issued a mandate to implement its decision. *United States v. Cook,* 592 F.2d 877, 880 (5th Cir.), *cert.*

*denied,* 442 U.S. 921, 99 S.Ct. 2847, 61 L.Ed.2d 289 (1979); *United States v. Ross,* 654 F.2d 612 (9th Cir.1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 1290, 71 L.Ed.2d 470 (1982). Rule 41 of the Federal Rules of Appellate Procedure controls the timing of the issuance of the mandate, and provides that the mandate may be stayed by the filing of a petition for rehearing. Because the statute clearly requires finality of the action occasioning the retrial, the speedy trial time cannot be calculated from the date an opinion or a decision is issued.

The more difficult question involves the choice between the remaining two dates: the date the mandate is issued, or the date the mandate is received and filed in the district court. In support of its position that the latter date is the correct one, the government cites the *Guidelines to the Administration of the Speedy Trial Act of 1974, As Amended,* written by the Committee on the Administration of the Criminal Law of the Judicial Conference of the United States. These guidelines, circulated to judges and judicial personnel by the Administrative Office of the United States Courts, state at page 18, in explanation of § 3161(e):

Under the first clause of the second sentence, a seventy-day retrial period is also applicable:

(1) following an appeal (at such time as the district court receives the mandate of the court of appeals), . . .

Apparently the Clerk of this court followed the guidelines, and measured the speedy trial time from the date the mandate was received in this court. The date of receipt of the mandate is the date that the Clerk of this court officially learns of the Court of Appeals' action necessitating a retrial. Administrative convenience of the Clerk is served by the use of this date. But the statute refers to "finality" of the action occasioning the retrial, not to receipt of notice of this action in the district court. Receipt by the district court does not affect the finality of the Court of Appeals' action. The government also cites *United States v. Cook,* 592 F.2d 877, as support for its posi-

tion. Although that case rejected speedy trial objections when the retrial was scheduled within thirty-five days of "... receipt of our mandate ...", *Id.* at 880, it clearly did not decide that the date of receipt of the mandate was the date contemplated by § 3161(e).

The finality referred to in § 3161(e) logically means finality of the Court of Appeals' action that occasioned the retrial. The Court of Appeals' action is final on the issuance of its mandate. *United States v. Cook,* cited by the government, supports this reading of the statute. It states that the Court of Appeals retains jurisdiction over an appeal until it has issued its mandate, and that the district court does not reacquire jurisdiction over a case until the mandate is issued. 592 F.2d at 880. In *United States v. Ross,* the Ninth Circuit held, based on similar reasoning, that "... for purposes of 18 U.S.C. § 3161(e) the date the action occasioning the retrial becomes final is the date the mandate is issued." 654 F.2d at 616. Although the Ninth Circuit did not consider, and therefore did not expressly reject, the date of receipt of the mandate in the district court, the reasoning of the decision supports rejection of that date.

The court concludes that the defendant's position is correct. The "date the action occasioning the retrial becomes final" is the date of issuance of the Court of Appeals' mandate. The government suggests that this reading of the Speedy Trial Act is untenable because, carried to its natural conclusion, it would mandate the dismissal of an indictment when a mandate is mailed by the Court of Appeals, lost in the mail, and never received by the district court. The court, on the contrary, finds it untenable that Congress would intend application of the strict speedy trial limits to vary with the vagaries of the United States Postal Service.

Applying the foregoing conclusion to the facts of this case, the speedy trial time commenced to run on May 21, 1982. Defendant correctly notes that an uninterrupted seventy-day period from this date would have ended on July 30, and the retrial would have had to commence by that date. A continuance was granted in this case on July 13 at the request of defendant's counsel. Because the order granting the continuance provided that the excludable time began on July 31, defendant contends that it was not effective to toll the running of the speedy trial time, to extend the speedy trial date beyond July 30. If defendant is correct, this court must dismiss the indictment pursuant to 18 U.S.C. § 3162. This section mandates dismissal of indictments when trials do not begin within the speedy trial time limits imposed by § 3161. The sanctions of § 3162 are expressly made applicable to cases where retrial occurs after reversal on appeal by § 3161(e).

The court finds that the July 13 order properly granting the continuance pursuant to § 3161(h)(8) was effective to toll the running of the speedy trial time on July 13, and that the retrial occurred well within the time limit set by the Speedy Trial Act. The July 13 order effectively granted a continuance from July 13. Even though the order provided that the excluded time would not begin until July 31, this court is not bound by that determination. The intent of the statute is that the entire period of delay caused by a continuance be excluded from the speedy trial calculation. 18 U.S.C. § 3161(h) governs the exclusion of time from the calculation. It states:

> The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence.

Section 3161(h)(8)(A) includes, as excludable time, "(a)ny period of delay resulting from a continuance granted by any judge ...." The use of the word "shall" expresses an intention that the entire period of delay be excluded once a continuance is properly granted. The statute appears to leave no discretion in the trial judge to exclude any time less than the entire delay. The legislative history of the statute supports this interpretation. "A significant provision of

the legislation would permit a judge on his own motion, or at the request of the defendant or his counsel or at the request of the attorney for the Government, to grant a continuance *which would toll the time limits of the bill.*" (emphasis added). H.R. Rep. No. 1508, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Ad.News 7401, 7415. This court must exclude the entire period of delay caused by the continuance, notwithstanding the provision of the July 13 order purporting to exclude only a part of that period. The time between July 13 and September 28 is excluded from the speedy trial calculation. The period stopped running on July 13, the fifty-third day, and resumed running on September 28. September 29 was the fifty-fifth day and the trial commenced within the speedy trial time.

The decision in *United States v. Carrasquillo,* 667 F.2d 382 (3d Cir.1982) is not contrary to this result. The court there held that a judge could not exclude time from the calculation unless a proper continuance had been granted by a judge before the speedy trial time had run. Here, such a continuance was properly granted within the seventy-day period. This court is not granting its own continuance retroactively. It is merely following the statutory mandate by excluding the entire delay caused by the properly granted continuance.

The protections of the Speedy Trial Act run to the public as well as to the defendant.

> Both the defendant and the public have an interest in a speedy criminal trial. In reporting favorably upon the Act, the House Committee on the Judiciary emphasized the importance of the public's interest, stating:

> The Committee believes that the right to a speedy trial belongs not only to the defendant, but to society as well. A defendant who is charged with a violation of the law becomes a burden to society in the sense that his status consumes the time and energy of all components of the criminal justice system with which he comes in contact: the police, magistrate, clerks of court, probation officers, judges and others.

> H.R.Rep. No. 1508, *supra,* at 15 [1974] U.S.Code Cong. & Ad.News 7408.

*United States v. Carrasquillo,* 667 F.2d at 389–90. The public's interest in a speedy trial has not been harmed by the retrial of defendant Russo in this case. The judge who granted the continuance considered the interest of the public and concluded that the ends of justice outweighed that interest. Section 3161(e) allows a trial court to extend the date of a retrial to a maximum of one hundred eighty days if factors resulting from the passage of time create practical difficulties. If all the time is counted, the retrial occurred well within this maximum period.

■ Even if the court were to find that the July 13 order was ineffective to toll the running of the speedy trial time, the court would not dismiss the indictment. Under the particular circumstances of this case, the defendant should be estopped from raising an objection to the timing of his trial when the delay was caused exclusively by his request for a continuance.

The doctrine of equitable estoppel is an expression of the principle that no man may be permitted to profit from his own wrongdoing in a court of justice. *Glus v. Brooklyn Eastern District Terminal,* 359 U.S. 231, 232, 79 S.Ct. 760, 761, 3 L.Ed.2d 770 (1959); *Bomba v. W.L. Belvidere, Inc.,* 579 F.2d 1067, 1070 (7th Cir.1978). The doctrine has been applied to estop a party from asserting a statute of limitations defense when conduct of that party has induced another to forbear suit until after the applicable period has run. *Glus,* 359 U.S. at 235, 79 S.Ct. at 763; *Bomba,* 579 F.2d at 1070. These cases recognize that equitable estoppel is separate and independent from any doctrines that operate to toll the running of the limitations period.

Equitable estoppel, however, is a different matter. It is not concerned with the running and suspension of the limitations period, but rather comes into play only after the limitations period has run and addresses itself to the circumstances

in which a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because his conduct has induced another into forbearing suit within the applicable limitations period. Its application is wholly independent of the limitations period itself and takes its life, not from the language of the statute, but from the equitable principle that no man will be permitted to profit from his own wrongdoing in a court of justice. Thus, because equitable estoppel operates directly on the defendant without abrogating the running of the limitations period as provided by statute, it might apply no matter how unequivocally the applicable limitations period is expressed.

*Bomba,* 579 F.2d at 1070.

In *Glus,* the Supreme Court applied the doctrine of equitable estoppel to a clear and definite limitations period contained in the Federal Employers' Liability Act. Section 6 of the Act provided that "(n)o action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued, . . ." 359 U.S. at 231, 79 S.Ct. at 761. The Court found no indication from this statutory language that Congress intended to forbid the application of the well-established equitable doctrine to FELA cases. The Court concluded that the doctrine of equitable estoppel was available despite the strict limitations period contained in the statute. The court in *Bomba* applied this reasoning in a case brought under the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701–17, which contained an unequivocal period of limitations. The court interpreted the decision of the Supreme Court in *Glus* as follows:

> . . . the Court held that the doctrine of equitable estoppel applied in suits brought under the statute. In so holding, the Court reasoned that the principle that no man may take advantage of his own wrongdoing was so deeply rooted in and integral to our jurisprudence that it

should be implied in the interstices of every federal cause of action absent some affirmative indication that Congress expressly intended to exclude the application of equitable estoppel.

579 F.2d at 1070.

Although the court recognizes that substantially different considerations are implicated when considering criminal laws and time limitations in connection therewith, such cases are analogous to the present case involving the Speedy Trial Act. The speedy trial time provides a statute of limitations for the prosecution of crimes. The time limits in the Act are unequivocal, and they are subject only to limited tolling provisions. There is no clear indication in the Act that Congress intended to forbid application of the doctrine of equitable estoppel to prevent a defendant from profiting from a delay caused by his own actions even though waiver is expressly prohibited. The court concludes that equitable estoppel should be available to prevent dismissal of a case, independently of the statute's tolling provisions.[2]

In this case, the delay in retrying the defendant resulted solely from the actions of the defendant. A form of order submitted to the court by defendant's counsel called for a "continuance of the date for commencement of trial in this case to September 1982." The court granted the delay solely out of concern for the defendant's ability and right to receive a fair trial and to have the effective assistance of counsel. The court acted properly in granting the continuance, and the court and the United States Attorney relied thereon to extend the speedy trial time. The affirmative conduct of the defendant in seeking the continuance now estops him from raising any speedy trial objections that arise solely from the order granting that continuance.

Defense counsel vigorously argues that scheduling of a trial within the time limitations set forth in the Speedy Trial Act is the

---

**2.** This is not the first time a court has suggested the application of an equitable estoppel in a speedy trial case. *United States v. Cameron,* 510 F.Supp. 645, 650 n. 8 (D.Md.1981) (defendant's decision to substitute counsel on the eve of trial caused a delay.)

responsibility of the courts and the government, not defense counsel. *United States v. Didier,* 542 F.2d 1182 (2d Cir.1976). An estoppel would not be proper in a case where defense counsel took no action that caused delay and the trial date was set beyond the speedy trial limits. But this is not such a case.

The decision of the Court of Appeals for this circuit in *United States v. Carrasquillo* does not prohibit the application of equitable estoppel to this case. The court addressed only the doctrine of waiver, and not the doctrine of equitable estoppel. The terms "waiver" and "estoppel" are not synonymous. A waiver is a voluntary, intentional relinquishment of a known right; Black's Law Dictionary 1417 (5th ed. 1979). A waiver can occur by inaction, as when a defendant waives the protections of the Speedy Trial Act by not raising any objections prior to trial. 18 U.S.C. § 3162(a)(2). An estoppel depends upon the affirmative conduct of a party, and it operates to involuntarily prohibit that party from asserting a right. The facts of *Carrasquillo* were inappropriate for a waiver analysis. The defense attorney in that case indicated his unavailability to the deputy clerk of the court. No application for a continuance was made and no continuance was granted before the speedy trial time expired. Because no official action was taken by the court to extend the speedy trial time, it was as if the defendant had taken no action occasioning delay. By contrast here, the defendant's conduct affirmatively caused a delay of the trial.

Congress intended that if the court, either on its own motion or at the request of the U.S. Attorney, scheduled a criminal trial beyond the time limits proscribed by the statute, that neither the consent nor the acquiescence of the defendant shall bar a dismissal. However, when the adjournment is sought and procured by the defendant himself, he should not be permitted to contend that the consent or acquiescence of the prosecution and the court mandates a dismissal. Having urged an adjournment on his own behalf, he is estopped to assert that the public interest is adversely affected thereby.

For the foregoing reasons, the motion to dismiss the indictment is denied. Counsel for the government is directed to submit an appropriate form of order to the court.