RILEY,
Judge concurring and dissenting.
[17] I concur with the majority’s determination that 49 U.S.C. § 14705(a) preempts the statute of limitations set forth in Indiana Code section 34-11-2-11; therefore, Emmert failed to bring its action against Kennedy in a timely maimer. However, I must dissent with respect to the majority’s resolution of Emmert’s es-toppel claim.
[18] On appeal, Emmert insists that even if the eighteen-month federal statute of limitations applies — as this court holds that it does, its claim should not have been dismissed because Kennedy should be estopped from asserting the statute of limitations as an affirmative defense. As detailed by the majority in ■ Footnote '2, Emmert’s argument on this issue is devoid of any cogent reasoning or appropriate citations. Ind. Appellate Rule 46(A)(8)(a). Nonetheless, notwithstanding that Emmert has technically waived its ■argument, I find that this issue should be determined on its merits.
[19] In its' Complaint, Emmert asserted that in completing its performance pursuant to its contract with Kennedy, it incurred expenses of $691,301.03 in addition to the original contract price of $197,650. According to Emmert, after it delivered Kennedy’s equipment on November 11, 2011,
Kennedy paid Emmert $150,000 but re- ■ fused to pay any additional, amounts owed Emmert.' The parties continued to discuss their dispute into January 2013. In June — August 2014, the parties even discussed submitting their dispute to arbitration for resolution. Then, in September 2014, Kennedy for the first time advised Emmert that it refused to pay Emmert anything additional, asserting that Emmert’s claim for 'the owed amounts — attributable to the valued service it provided Kennedy — was now time-barred pursuant to 49 U.S.C. § 14705(a).
(Appellant’s App. pp. 14-15).
[20] Subsequently, in response to Kennedy’s motion to dismiss, -Emmert filed a response - arguing that there were factual questions as to whether principles of equitable estoppel precluded dismissal. “The federal doctrine of equitable estoppel applies to federal statutes of limitation.” F.D.I.C. v. Kime, 12 F.Supp.3d 1113, 1119 (S.D.Ind.2014). As the Seventh Circuit Court of Appeals has explained, “[equitable estoppel suspends the running of the statute of limitations during any period in which the defendant took active steps to prevent the plaintiff from suing, as by promising the plaintiff not to plead the statute of limitations pending settlement talks or by concealing evidence from the plaintiff that he needed in order to determine that- he had a claim.” Singletary v. *512 Cont’l Ill. Nat’l Bank & Trust Co. of Chi, 9 F.3d 1236, 1241 (7th Cir.1993). “Equitable estoppel necessarily raises questions of fact” F.D.I.C., 12 F.Supp.3d at 1119.
[21] In this case, Emmert asserted that
[t]he facts here fit the ... definition for equitable estoppel perfectly. The parties discussed resolution of this dispute for months after Kennedy Tank refused to pay Emmert in full. They continued to discuss resolution, including the option of submitting them dispute to arbitration, even after the [eighteen]-month statute of limitations on which Kennedy Tank now relies had expired.
During those months of discussion and potential resolutions, Kennedy Tank never mentioned § 14705(a), directly or indirectly. Instead, it continued to negotiate with Emmert. Only after Kennedy Tank was certain that the [eighteen]-month statute had passed did it refuse Emmert full payment and claim any lawsuit to recover the amount it owed Emmert would be time-barred.
Simply, Kennedy Tank strung Emmert along long enough tq avoid payment to Emmert. Kennedy Tank “by words, acts, and conduct led [Emmert] to believe that it would acknowledge and pay the claim, if, after investigation, the claim were found to be just, but when, after the time for suit had passed, [it broke] off negotiations and denie[d] liability and refuse[d] to pay.” Those facts, asserted in Emmert’s complaint, raise a question of fact regarding application of equitable estoppel that prevents dismissal of Emmert’s claims....
(Appellant’s App. p. 302) (fifth, sixth, seventh, and eighth alterations in original) (quoting Bomba v. W.L. Belvidere, Inc., 579 F.2d 1067, 1071 (7th Cir.1978)). In addition, Emmert raised the same equitable estoppel argument during the hearing on Kennedy’s motion to dismiss.
[22] Because the trial court ruled in Emmert’s favor — i.e., it denied Kennedy’s motion to dismiss on its finding that 49 U.S.C. § 14705 does not preempt the relevant Indiana statute of limitations — the trial court did not address Emmert’s es-toppel claim in its Order. As there is nearly $700,000 at stake in this case, I would remand with instructions for the trial court to conduct further proceedings and make a factual determination as to whether Kennedy should be equitably es-topped from asserting a statute of limitations defense.[5]

. In its reply brief, Kennedy contends that 49 U.S.C. § 14705(a) is a statute of repose rather than a statute of limitations, and "[t]he Seventh Circuit has held that, where federal statutes of limitations can be equitably estopped, statutes of repose cannot.” F.D.I.C., 12 F.Supp.3d at 1119.