Robert W. MICK, et al., Plaintiffs,

v.

RAVENSWOOD ALUMINUM CORPORATION, et al., Defendants.

CIV.A. No. 6:96–0585.

United States District Court, S.D. West Virginia, Parkersburg Division.

March 2, 1998.

Fred F. Holroyd, Brian D. Yost, Scott Evans, Holroyd & Yost, Charleston, WV, for Robert W. Mick, Thomas Lee Stemple, Leon E. Miller.

Fazal A. Shere, P. Michael Pleska, Bowles, Rice, McDavid, Graff & Love, Charleston, WV, Eliot Lauer, Michael J. Moscato, Curtis, Mallet–Prevost, Colt & Mosle, New York City, for Ravenswood Aluminum Corporation.

David S. Russo, Joseph M. Price, Robinson & McElwee, Charleston, WV, J. Peter Shapiro, Bogle & Gates, Seattle, WA, for Kaiser Aluminum & Chemical.

### MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are (1) Defendant Ravenswood Aluminum Corporation (RAC) and Defendant Kaiser Aluminum & Chemical Corporation's (Kaiser) joint motion to deny class certification, and (2) Kaiser's motion for summary judgment. Because genuine issues of material fact remain extant, and because the dis-

covery period does not expire until May, the Court **DENIES** the motion for summary judgment without prejudice. For reasons that follow, the Court **GRANTS** the motion for denial of class certification.

## I. FACTUAL BACKGROUND

This civil action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* Kaiser owned and operated a manufacturing plant in Ravenswood, West Virginia until February 1989, when it sold it to RAC. Plaintiffs, who are current and former employees of RAC and Kaiser, contend generally that Defendants breached their fiduciary duties to Plaintiffs in administering Plaintiffs' pension plan (the Plan), that Defendants misrepresented to Plaintiffs their intention to carry out the terms of the Plan, and that Defendants deceived Plaintiffs regarding Plaintiffs' Plan benefits. Complaint ¶ 7. According to Plaintiffs, Defendants intended by their actions to fraudulently induce Kaiser employees to accept employment with RAC to avoid paying full pension benefits to former Kaiser employees. *Id.* ¶ 23. Plaintiffs claim the alleged fraudulent misrepresentations occurred at company meetings in January 1989 and at various one-on-one meetings between each Plaintiff and a RAC representative.[1]

## II. DISCUSSION

### A. *General Principles*

Maintenance of this class action requires satisfaction of all four provisions of *Federal Rule of Civil Procedure* 23(a) and one of the subdivisions of *Rule* 23(b). *Black v. Rhone–Poulenc,* 173 F.R.D. 156, 158 (S.D.W.Va.1996)(Haden, C.J.)(citing *Lukenas v. Bryce's Mountain Resort, Inc.,* 538 F.2d 594, 595 (4th Cir.1976)). Plaintiffs seek certification pursuant to *Rule* 23(b)(3).

*Rule* 23(a) provides as follows:

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

*Id.; see also Simmons v. Poe,* 47 F.3d 1370, 1380 (4th Cir.1995); *Boley v. Brown,* 10 F.3d 218, 223 (4th Cir.1993).

*Rule* 23(b)(3) provides:

An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

. . . .

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

*Id.; see also Central Wesleyan College v. W.R. Grace & Co.,* 6 F.3d 177, 184 (4th

---

1. The Court writes with an awareness of this Circuit's general rule that oral statements cannot modify the written terms of an ERISA plan. *See, e.g., HealthSouth Rehab. Hosp. v. American Nat'l Red Cross,* 101 F.3d 1005, 1010–12 (4th Cir. 1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 2432, 138 L.Ed.2d 194 (1997); *Coleman v. Nationwide Life Ins.,* 969 F.2d 54, 58–59 (4th Cir.1992), *cert. denied,* 506 U.S. 1081, 113 S.Ct. 1051, 122 L.Ed.2d 359 (1993). The Court likewise is aware that Plaintiffs assert they do not allege oral modification of an existing ERISA plan, but instead claim Defendants' various oral statements and written documents "established the terms of the RAC Pension Plan for which no written 'Plan Documents' existed at that time...." Pls.' resp. to mot. summ. j. at 11. The Court anticipates this issue will be revisited on motions for summary judgment after the close of the merits discovery period.

Cir.1993)(discussing the four *Rule* 23(b)(3) factors).

█ The party seeking class certification bears the burden of demonstrating the action is proper for certification. *Black*, 173 F.R.D. at 159 (citing, *inter alia, International Woodworkers of Am. v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1267 (4th Cir. 1981)). The district court's assessment of the propriety of class certification requires that it rigorously analyze the facts of the case. *United Bhd. of Carpenters & Joiners of Am., Local 899 v. Phoenix Assocs., Inc.*, 152 F.R.D. 518, 521 (S.D.W.Va.1994)(Haden, C.J.)(quoting in part *In re A.H. Robins Co. Inc.*, 880 F.2d 709, 728 (4th Cir.), *cert. denied*, 493 U.S. 959, 110 S.Ct. 377, 107 L.Ed.2d 362 (1989)).

## B. *Analysis of the* Rule *23(a) requirements*

█ Apparently the parties do not disagree that Plaintiffs have satisfied the numerosity and adequacy of representation components of *Rule* 23. The crux of the parties' dispute concerns the oft-merged commonality and typicality considerations. *See Black*, 173 F.R.D. at 161 (citing 1 Herbert A. Newberg, *Newberg on Class Actions* § 3.13 (3d ed.1992)). As the Supreme Court recently observed, these two factors "serve as guideposts for determining whether ... maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Amchem Prods., Inc. v. Windsor*, —— U.S. ——, —— n. 20, 117 S.Ct. 2231, 2251 n. 20, 138 L.Ed.2d 689 (1997)(quoting *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n. 13, 102 S.Ct. 2364, 2371 n. 13, 72 L.Ed.2d 740 (1982)); *Black,* 173 F.R.D. at 161. While the commonality component of *Rule* 23(a) inquires whether "there are questions of law or fact common to the class," *Fed.R.Civ.P.* 23(a)(2), the typicality component requires that the representatives' claims be typical of, but not identical to, the claims of the other class members. *Phoenix*, 152 F.R.D. at 522.

█ Defendants primarily contend the three representatives' claims are ill-suited for certification because the claims are too individualized. Citing to the record, Defendants maintain the representatives' claims are based on oral representations made in the course of one-on-one conversations with Kaiser or RAC officials. Each of these private conversations was different, Defendants argue, and each Plaintiff came away from the conversation with different understandings of what the Defendants' representatives had promised with regard to pension benefits.

In response, Plaintiffs state their claims primarily are derived from alleged promises made at plant-wide meetings conducted in January 1989. Plaintiffs do not, however, offer a single citation to the record to support this assertion. Instead, Plaintiffs offer two statements *not* a part of the record that were allegedly made during plant-wide meetings. Plaintiffs attribute one statement to a "Jim Bradley, of KACC," *see* Pls.' resp. at 8, whom Defendants aver "is not known now, or ever, to have existed." Defs.' reply at 2. The second statement was given by an unnamed person. *See* Pls.' resp. at 9. The Court cannot accept these statements as competent evidence for present purposes. The parties have had adequate opportunity for discovery on the class issues, and it is improper for Plaintiffs to spring this evidence on Defendants, or "smuggle" it into the record, as Defendants put it, at this late date. For these reasons, the Court, for purposes of the certification decision only, will disregard Plaintiffs' account of the discussions at the plant-wide hearings and will accept Defendants' argument that Plaintiffs' claims are derived solely from the one-on-one conversations.

Defendants vigorously contend the case at bar presents no substantial facts common to or typical of the putative class members. Defendants have carefully parsed the record, including the deposition testimony of each Plaintiff, to shed light on what representations allegedly were made to the Plaintiffs during the one-on-one encounters with Defendants' representatives. It is clear to the Court that these alleged representations vary widely. *See* Defs.' mem. in support at 12–16. The only thing shared by the representative Plaintiffs is that each claims to have been

promised something by Defendants' representative; precisely what allegedly was promised, and what actions each Plaintiff took in reliance on the alleged promises, varies significantly.

Plaintiffs apparently concede as much. Their sole rebuttal argument focuses on the commonality factor and the general proposition of law that "[w]hen the [class] claim arises out of the same legal or remedial theory, the presence of factual variations is normally not sufficient to preclude class action treatment." *Christman v. American Cyanamid Co.*, 92 F.R.D. 441 (N.D.W.Va.1981)(Haden, J.); *see also Holsey v. Armour & Co.*, 743 F.2d 199, 217 (4th Cir.1984); *cert. denied*, 470 U.S. 1028, 105 S.Ct. 1395, 84 L.Ed.2d 784 (1985)("Despite the presence of individual factual questions, the commonality criterion of *rule* 23(a) is satisfied by the common questions of law presented."); *Phoenix*, 152 F.R.D. at 522 ("The fact that the individual class plaintiffs may have suffered differently from the alleged breach is immaterial for purposes of [evaluating commonality]."). Plaintiffs maintain commonality is present because the Defendants' alleged promises and assurances evince a single course of conduct or common nucleus of operative fact that gave rise to the class claims.

The general proposition of *Christman, Holsey* and other cases remains valid. Nonetheless, it should be read in *pari materia* under these facts with the requirement expressed in *Stott v. Haworth*, 916 F.2d 134 (4th Cir.1990), that "[c]lass certification is only proper when a determinative critical issue overshadows all other issues." *Id.* at 145.

A brief examination of *Stott* is instructive. There the district court certified a class of plaintiffs who claimed they were unlawfully discharged from government employment because of their political affiliation. On appeal, the panel held class certification was improper as a matter of law because resolution of the plaintiffs' claims required a thorough inquiry into the facts surrounding the discharge and the proper application of the law to those facts. *Id.* at 139. The Court explained:

We can find no commonality or typicality between the claims of each plaintiff that would propel this case through class treatment when the [employment] positions held by each plaintiff were so divergent. The only question common to each member of the class is whether or not his or her position was one that was subject to patronage dismissal. This question is in no way dispositive and simply propels the action into a posture where judicial scrutiny is necessary for just adjudication; scrutiny that requires a district court to do a case by case, position by position, activity by activity analysis of the First Amendment questions raised by the pleadings....

*Id.* at 145 (citations omitted). The individualized analysis required to evaluate the merits of each plaintiff's claim, the court held, was "proof positive that class disposition of this action is inappropriate." *Id.*

Similarly, resolution of the instant case likely will require the Court to examine each promise allegedly made by Defendants' representatives at each individual meeting, determine whether those promises were kept and whether the promisor was authorized to speak for the Defendants, and evaluate whether the promisees acted in reliance on the promises. This individualized inquiry does not lend itself to class treatment of the Plaintiffs' claims, but instead will unduly burden the Court and the parties and will disserve the economy rationale that renders the class action device useful.

In support of their position, Defendants cite several noncircuit cases that bear marked similarity to the case at bar. In *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451 (1996), the Eleventh Circuit reviewed the district court's decision to deny certification of class claims alleging ERISA violations similar to those alleged here. The violations stemmed from oral and written representations given by the defendant to each plaintiff which the plaintiffs claimed caused them to retire with less favorable benefits. The appellate court affirmed the district court's denial of certification, reasoning that "even if the plaintiffs are able to prove that Delta disseminated a false and uniform message to

all potential retirees ..., they would have to show that all members of the class would have deferred their retirement [in reliance on the misrepresentations]." *Id.* at 457. The panel found the "highly individualized" nature of this evidence rendered the case inappropriate for class treatment. *Id.*

Similarly instructive is *Spencer v. Central States Pension Fund,* 778 F.Supp. 985 (N.D.Ill.1991). In *Spencer,* plaintiffs brought ERISA claims under several theories, including breach of fiduciary duty. The claims were based on alleged oral representations made by various union officials during a series of meetings attended by different class members. In *Spencer,* as in the case at bar, the alleged oral representations were not uniformly communicated to each member of the class, but were communicated on several different occasions; no two presentations were the same. *Id.* at 990. Under those circumstances, the court observed that "questions such as what representations were made, by whom, and whether the speaker had any relationship with the [Defendant] ... will require evidence that will necessarily differ among class members...." *Id.* The court stated the general rule that "where an action is based substantially on oral rather than written communications, ... treatment as a class action is generally inappropriate."[2] *Id.* at 991. The typicality requirement, the court held, could not be satisfied under those facts because the court could not conclude the plaintiffs' claims arose from the same event or course of conduct that gave rise to the claims of the other members. *Id.* at 991.

Another case cited by Defendants supports the Court's decision. In *Walther v. Dayton–Walther Corp. Pension,* 880 F.Supp. 1170 (S.D.Ohio 1994), a group of retirees brought an ERISA action against an employer's pension plan under theories of breach of fiduciary duty and promissory estoppel. The promissory estoppel claim was derived from alleged oral promises and representations concerning the retirees' insurance benefits. In the absence of a common written plan document, and with claims derived from oral and individualized promises, the Court held that the action satisfied neither the commonality or typicality requirements of *Rule* 23. *Id.* at 1178–79.

Each of these cases—*Stotts, Hudson, Spencer* and *Walther*—share a common thread. Divergent factual and legal issues can in certain circumstances require an onerous level of individualized development that could swamp the litigation and render class treatment inappropriate. Oral, nonuniform representations, and unique responses thereto are present here. Those circumstances compel the Court to exercise its discretion to deny class certification for failure to satisfy the commonality and typicality requirements of *Rule* 23.

An additional and alternative reason Plaintiffs do not satisfy the commonality and typicality requirements is that their claims sound in fraud. Class treatment of such claims, the Court of Appeals has recognized, presents inherent difficulties. *See Lukenas,* 538 F.2d at 596 ("[T]he rights of [the plaintiffs], arising as they do out of fraudulent representations which may vary widely between [putative class members], are hardly suitable for class treatment."); Advisory Committee's Notes on Revised *Rule* 23 ("[A]lthough having some common core, a fraud case may be unsuited for treatment as a class action if there was material variation in the representations made or in the kinds or degrees of reliance by the persons to whom they are addressed.")

Because the *Rule* 23(a) factors are prerequisites to certification, the Court need not consider the *Rule* 23(b)(3) requirements.

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** without prejudice Defendant Kaiser's motion for summary judgment and **GRANTS** Defendants' joint motion to deny certification.

---

**2.** The Court does not, through this Opinion, adopt this recognition as a bright-line rule. Instead, the Court in its analysis of certification issues will be guided by Supreme Court, Fourth Circuit, and District precedent, as well as by the factors enumerated in *Rule* 23. Nonetheless, extrajurisdictional cases such as *Hudson* and *Spencer* can be helpful.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.