Calixto **RIVERA**, German Garcia, Wilson Rodriguez, Orlando Ortiz, Alejandro Vazquez, Victoriana Adorno, Maria C. Rodriguez, for themselves and as representatives of proposed class, Plaintiffs,

v.

**AMERICAN HOME PRODUCTS CORP.,** Sherwood Davis & Geck also known as Sherwood Davis & Geck Limited, Kendall Company, American Home Products Corporation Retirement Plan, American Cyanamid Employees Retirement Plan, Saving Plan Committee American Home Product Corporation, Banco Popular de Puerto Rico, also known as Banco Popular, Company ABC (1–3), John Doe (1–3), Defendants.

No. Civ. 98–2069CCC.

United States District Court,
D. Puerto Rico.

Sept. 8, 1999.

Homero González–López, Hato Rey, PR, for plaintiff.

Alfredo M. Hopgood–Jonet, Ariadna Alvarez, Hato Rey, PR, for defendant.

## MEMORANDUM AND ORDER

CEREZO, District Judge.

This action is before us · on a Motion for Certification of a Class Action pursuant to Rule 23, Fed.R.Civ.P., filed by plaintiffs (**docket entry 35**) and opposed by the defendants (**docket entry 40**). After a careful consideration of the allegations and memoranda submitted by the parties, the Court finds that plaintiffs' Motion for Certification of Class must be DENIED.

### I. BACKGROUND

Plaintiffs Calixto Rivera, German Garcia, Wilson Torres, Orlando Ortiz, Alejandro Vazquez, Heriberto Santiago, Victoriana Adorno, and Maria C. Rodriguez brought this action on their own behalf and as representatives of a proposed class action. They describe the nature of their action as "arising under ... promissory estoppel." In their complaint they allege that they are or were employed by some companies referred to as "plan sponsors." The plaintiffs alleged the companies made available to its employees a variety of employment benefits, one of which was a pension plan that the employees un-

derstood[1] provided the opportunity to retire at forty five (45) years of age and after five (5) years of service. ¶ 22. However, no written statement supporting said belief was ever made available to the employees. Plaintiffs surmise that the defendants should be held accountable because they failed to dispute what was generally believed by the retirement plan participants. ¶ 22.

Plaintiffs rely on Rule 23(b)(1)(A), 23(b)(1)(B), and 23(b)(2) to support their need for class action certification. They argue that the prosecution of separate claims by the individual members of the class would create a risk of inconsistent adjudications. ¶ 14.

## II. DISCUSSION

■ In a request for certification as a class action, the claimant has the burden of showing that all the prerequisites for a class action have been met. *Makuc v. American Honda Motor Co. Inc.*, 835 F.2d 389, 394 (1st Cir.1987). When evaluating such a request, the court must take the allegations in support of the certification, as true, and need not examine the merits of the case. *Spencer v. Central States Pension Fund*, 778 F.Supp. 985, 989 (N.D.Ill.1991). *See also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78, 94 S.Ct. 2140, 2152–53, 40 L.Ed.2d 732 (1974).

■ Nevertheless, to obtain class action certification, the claimant must meet two requirements. First, he must comply with the prerequisites of Rule 23(a),[2] and, second, he must establish that the suit is appropriate for class action treatment under one of the three subdivisions of Rule 23(b). *Wilensky v. Olympic Airways*, 73 F.R.D. 473, 475 (E.D.Pa.1977). Therefore, the class must meet the requirements of: (a) numerosity of members, (b) commonality of one or more questions of law or fact, (c) typicality of representative claims or defenses, and (d) adequacy of representation. *Commonwealth et al. v. M/V Emily S et al.*, 158 F.R.D. 9, 12 (D.P.R.1994). Failure to establish any of the requirements enunciated in Rule 23(a) will preclude certification of the proposed class. *L.P. Hurd v. Monsanto*, 164 F.R.D. 234, 238 (S.D.Ind.1995). The proponent for certification must also establish that the suit is appropriate for class action treatment under one of the three subdivisions of Rule 23(b). *Wilensky, supra*, at 475.

■ To satisfy the typicality requirement indicated above, the party seeking certification must demonstrate that the representative's claims are typical, although not identical, to the claims of the proposed class members. *Mick v. Ravenswood Aluminum Corporation*, 178 F.R.D. 90, 92 (S.D.Va.1998). Typicality requires that the court to evaluate the pleadings and determine if the representative's claims are essentially characteristic of the claims of the class at large. *L.P. Hurd, supra*, at 238. "The representative's claims must arise from the same event or practice or course of conduct that gives rise to the claims of the other class members and be based on the same legal theory." *Id.* at 239.[3]

Retirement insurance benefit cases in which the employee's claims rest on alleged representations made by the employer have rarely been certified as class actions. *Walther v. Dayton–Walther Corp. Pension*, 880 F.Supp. 1170, 1178 (S.D.Ohio 1994). The courts have generally concluded that this type of case is not ideal .for certification, because an individualized analysis would have to be conducted as to the extent on which each class member relied on the representations made by the employer. *Spencer, supra*, at 991 ("In such a case where an action is based substantially on oral rather

---

**1.** In the complaint, the plaintiffs stated: "... they **believed** provided among its benefits the opportunity to retire at age 45 and with 5 years service...." (Emphasis provided.)

**2.** Rule 23(a) of the Federal Rules of Civil Procedure provides that: One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is imprac-

ticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims and defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

**3.** *See also Spencer, supra,* at 989–990.

than written communications, as in the instant case, treatment as a class action is generally inappropriate"). *See also Mick, supra,* at 93. More specifically, the courts have concluded that the need for individualized analysis defeats the typicality requirement of Rule 23(a). *Id.; Walther, supra,* at 1179.

Therefore, in the absence of any written document that supports the claims of the proposed class representatives, certification as a class action has been denied. *Walther, supra,* at 1179. ("... **in the alleged absence of at least one common written document distributed to all members of the putative class,** this Court cannot say that the Insurance Plan Plaintiff's claims and defenses are typical of all potential class members. Accordingly, this Court concludes that Plaintiffs have not established the typicality prerequisite of Rule 23(a)"). (Emphasis provided.)

■ The Court concludes that, in the action before us, the claims of the representatives are not typical of the ones of the class at large. As in *Walther, supra,* the claimants base their ERISA violation claims on alleged representations made by the employer. The class certification proponents have failed to either indicate or identify any written document that may support their beliefs of retirement at age forty five and after five years of service. According to their own allegations, said belief was not originated by any written promise or agreement submitted by the employer, but, rather by their own understanding of the terms of the plan. ¶ 22. Plaintiffs further argue that the defendants' liability stems from their failure to contest what was generally believed by the work force. *Id.*

If this Court were to certify this case as a class action, we would have to embark into an individualized analysis as to the reasonableness of each employee's retirement expectation or belief. Such an analysis would be contrary to the purposes of Rule 23. "The individualized analysis required to evaluate the merits of each plaintiff's claims, was proof positive that class disposition of this action is inappropriate." *Mick, supra,* at 93. The reasonableness of each employee's un-

derstanding of the terms contained in the retirement plan cannot be ascertained across the board. We cannot say that plaintiff's claims arise from the same event or practice. The reasons that led each person to believe that he/she would qualify for retirement at age forty five, might differ on an individual basis. It is the need for individual fact finding that precludes this case from being ideal for class action treatment.

Having failed to satisfy the typicality requirement contained in Rule 23(a), we need not address compliance with one of the subdivisions contained in Rule 23(b).

In view of the foregoing, plaintiffs' Motion for Certification as a Class Action (**docket entry 35**) is hereby DENIED.

SO ORDERED.