**Leo A. LUKENAS et al., Plaintiffs,**

**v.**

**BRYCE'S MOUNTAIN RESORT, INC., Defendant.**

**Richard ESKRIDGE et al., Plaintiffs,**

**v.**

**BRYCE'S MOUNTAIN RESORT, INC., Defendant.**

**Henry G. CLIFTON et al., Plaintiffs,**

**v.**

**BRYCE'S MOUNTAIN RESORT, INC., et al., Defendants.**

**Civ. A. Nos. 74–85, 74–86, and 74–88.**

United States District Court, W. D. Virginia, Harrisonburg Division.

Jan. 14, 1975.

Albert A. Carretta, Washington, D.C., for plaintiffs.

M. Langhorne Keith, Reston, Va., for defendants.

## MEMORANDUM OPINION AND ORDER

TURK, Chief Judge.

These consolidated suits which have been filed pursuant to the Interstate Land Sales Full Disclosure Act, 15 U.S. C. § 1701 et seq. ("the Act") are presently before the court for decision on the motion of plaintiffs for class action certification under Rule 23(c)(1) of the Federal Rules of Civil Procedure.

The background to this suit as appears from plaintiffs' amended complaint and attached exhibits is as follows. The named plaintiffs are purchasers of lots from the defendant, Bryce's Mountain Resort, Inc., in a resort development in Shenandoah County, Virginia; in purchasing the lots the plaintiffs made a down payment to defendant with the balance of the purchase price financed by defendant and secured by a first lien against the property. At the time plaintiffs purchased their lots neither a "Statement of Record" nor a "Property Report" as required by sections 1705–1707 of the Act were in effect for the lots thus making the sales unlawful under section 1703 of the Act.[1]

On January 23, 1974, defendant informed the plaintiffs by letter mailed at the behest of the Office of Interstate Land Sales Registration of the Department of Housing and Urban Development that at the time of their purchases a "Statement of Record" and "Property Report" were not effective for their lots and that as a result the Act might provide them with certain rights. The letter also stated that an effective "Property Report" had been furnished to them in October, 1972. Thereafter, on January 31, February 1, and February 11, 1974, the several plaintiffs herein notified the defendant of their intention to void their purchase contracts pursuant to their right to do so under the Act. Defendant refused to void the contracts stating by letter that the two-year statute of limitations under the Act had extinguished any right of recission that they might have once enjoyed.[2]

Plaintiffs allege that the "Property Reports" which they did receive prior to October, 1972 contained material misrepresentations and omissions which fraudulently misled them to purchase property from defendant. Plaintiffs further allege that defendant engaged in certain affirmative acts designed to fraudulently conceal plaintiffs' rights against it and to prevent or delay the bringing of lawsuits. With respect to this allegation plaintiffs have submitted

1. Section 1703(a) reads as follows:

(a) It shall be unlawful for any developer or agent, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce, or of the mails—

(1) to sell or lease any lot in any subdivision unless a statement of record with respect to such lot is in effect in accordance with section 1706 of this title and a printed property report, meeting the requirements of section 1707 of this title, is furnished to the purchaser in advance of the signing of any contract or agreement for sale or lease by the purchaser; and

(2) in selling or leasing, or offering to sell or lease, any lot in a subdivision—

(A) to employ any device, scheme, or artifice to defraud, or

(B) to obtain money or property by means of a material misrepresentation with respect to any information included in the statement of record or the property report or with respect to any other information pertinent to the lot or the subdivision and upon which the purchaser relies, or

(C) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser.

2. In Hall v. Bryce's Mountain Resort, Inc., 379 F.Supp. 165 (W.D.Va.1974) this court construed section 1711 of the Act as establishing a two-year statute of limitations for action to rescind a contract based on section 1703 violations.

the affidavit of the Deputy Administrator of the Office of Interstate Land Sales Registration which details the efforts of that office to notify purchasers of lots from defendant of their rights under the Act and the reactions of defendant which delayed these efforts until a letter was finally sent on January 23, 1974.

Defendant has moved to dismiss the plaintiffs' suit as barred by the two-year statute of limitations set forth in section 1711 of the Act in that the purchases of lots by the plaintiffs occurred more than two years prior to the filing of the lawsuits. Plaintiffs, however, seek to avoid the bar of the two-year limitation period by their allegations that defendant did not furnish an effective property report until October, 1972 and fraudulently concealed its liability to them in order to delay them from bringing suit, which they argue tolled the statute of limitations. Plaintiffs appear to contend that the statute of limitations did not begin to run until an effective Property Report was mailed to them in October, 1972.

Plaintiffs purport to represent a class of some 610 purchasers of lots from the defendant all of whom allegedly purchased their lots at a time when "Statements of Record" pertaining to their purchases were not in force and who did not receive effective "Property Reports" prior to their purchases in violation of section 1703 of the Act. The relief plaintiffs seek this class is a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that the purchase agreements entered into between defendant and each member of the class be unilaterally voidable at the option of each class member and that each member so electing to void an agreement be entitled to recover all amount expended pursuant to such agreement. From this primary class of some 610 purchasers plaintiffs estimate that the following subclasses would emerge: a subclass composed of those purchasers desiring to exercise the option of recission which plaintiffs seek to establish; and a subclass composed of those purchasers who "opt out" of the class. For those persons remaining within the class, the following additional subclasses would then be established: a subclass composed of those persons who executed purchase agreements with defendant less than two years prior to the filing of this suit; a subclass composed of persons who executed purchase agreements with defendant prior to the October, 1972 Property Report from defendant; and a subclass of those persons entitled to relief provided by the Soldiers' and Sailors' Civil Relief Act, 50 App. U.S.C. § 525.

The issue thus presented is whether in view of plaintiffs' allegations and the class of persons they seek to represent, the prerequisites of Rule 23 have been met. Rule 23(a) provides:

> "Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

On the basis of its consideration of pleadings and exhibits submitted, the court does not believe that the third and fourth prerequisites of Rule 23(a) will be satisfied and that class certification should therefore be denied.

The court initially notes that by plaintiffs' own estimation only approximately 190 of the 610 purchasers would desire to remain within the class and rescind their purchase contracts.[3] The interests

---

3. Mr. Wallace Rickman, one of the purported class members, submitted an affidavit which indicates that a letter was sent by him to the proposed class members in this case in-

of this minority of purchasers in the suit is clearly antagonistic to that of those purchasers who have a continuing interest in the financial viability of the defendant. Those purchasers who do not desire to rescind their agreements are dependent upon defendant to provide essential services such as roads and sewers as well as recreational services, all of which would be jeopardized by the right to recission which plaintiffs seek to establish. The court agrees with defendant that denial of class certification in this case is supported by those cases in which courts have refused to allow a terminated franchisee to represent a class including current franchisees because of the continuing interest of the current franchisees in the economic viability of the defendant franchisor. *E.g.*, Seligson v. Plum Tree, Inc., 61 F.R.D. 343 (E.D. Pa.1973); Van Allen v. Circle K. Corporation, 58 F.R.D. 562 (C.D.Cal. 1972); Free World Foreign Cars, Inc. v. Alfa Romeo, 55 F.R.D. 26 (S.D.N.Y. 1972). The fact that in the present case the plaintiffs as well as the proposed class members are all existing property owners does not alter the fact that there is a serious lack of a common interest in the outcome of the suit.

Plaintiffs argue that the conflicts within the proposed class may be cured by the "opt-out" provision of Rule 23 (c)(2) which provides:

"(2) In any class action maintained under subdivision (b)(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice shall advise each member that (A) the court will exclude him from the class if he so requests by a specified date; (B) the judgment, whether favorable or not, will include all members who do not request exclu-

sion; and (C) any member who does not request exclusion may, if he desires, enter an appearance through counsel."

Subdivision (b)(3) referred to in the above subsection provides as additional prerequisites to class certification (in addition to those specified in 23(a) supra) the following:

"(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interests of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."

■ It is the considered judgment of the court that the opt-out provisions of Rule 23(c)(2) may not be used to achieve compliance with the prerequisites of 23(a), and in any case, the requirements of subdivision (b)(3) that common questions of law and fact predominate over individual questions cannot be met in this case. *See* Abercrombie v. Lums, Inc., 345 F.Supp. 387 (S.D. Fla.1972); Free World Foreign Cars, Inc. v. Alfa Romeo, *supra*. From the record before the court, it is clear that there will be numerous individual differences among members of the class which will affect the right to recission that plaintiffs are seeking to establish. For

quiring as to whether they desired to void their purchase agreements. Of those responding only 118 expressed a desire to void their agreements.

example, an affidavit from defendant's executive vice president indicates that some 214 members of the proposed class purchased their property more than three years prior to the filing of this suit. Under the statute of limitations provision in section 1711 of the Act such purchasers must overcome a different burden than that to be borne by the named plaintiffs whose purchases occurred between two and three years before this suit was filed. These 214 purchasers are faced with the problem that section 1711 states, "[i]n no event shall any such action be brought by a purchaser more than three years after the sale or lease to such purchaser"; whereas under the same section plaintiffs need only show that their suit is "brought within two years after the violation upon which it is based."

Another difference among members of the proposed class stems from the fact that there are at least six different Statements of Record and Property Reports applicable to the various purchasers. The sales contracts signed by the proposed class members are also not identical. These varying circumstances with respect to individual purchasers will create individual questions of fact and law relative to when the limitation period began to run. Furthermore, plaintiffs have alleged that the Property Reports which they did receive fraudulently misled and deceived them, thus causing them to purchase property in reliance thereon. It is apparent that the elements of materiality and reliance and the fact that several different Property Reports are involved will present individual issues which are ill-suited for a class action. *See* Frederick v. Cape Conroe, Ltd., Civ. Action No. 74–H–191 (S.D.Tex.1974); Siebert v. Great Northern Development Co., Civ. Action No. 17349 (N.D.Ga., 1973); Hirschi v. B. &

E. Securities, Inc., 41 F.R.D. 64 (D. Utah 1966). Because of these individual differences among the members of this proposed class and the nature of the legal issue sought to be established, the court must conclude that subsection 23(b)(3) and hence the attendant notice provision of subsection 23(c)(2) are not applicable to this suit. These considerations also support the court's conclusion that the prerequisite stated in Rule 23(a)(3) (*i.e.* typical claims) is not satisfied in this case.[4]

On the basis of the reasons and authority stated, it is the opinion of this court that these consolidated suits should proceed individually and not as a class action; and it is therefore ordered and adjudged that plaintiff's motion for class action certification be, and the same hereby is, denied.

---

4. Because of its conclusion that the prerequisites in Rule 23(a)(3) and (4) are not satisfied and cannot be satisfied by use of subdivision 23(b)(3) and (c)(2) the court need not address the question of whether the provisions of subdivision 23(b)(1) and (2) can be met.