**Saul G. SCHENKER,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellant.**

No. 75–2487.

United States Court of Appeals,
Ninth Circuit.

Jan. 26, 1976.

Alex S. Keller (argued), of Keller & Dunievitz, Denver, Colo., for plaintiff-appellant.

Joseph P. Keilp, Asst. U. S. Atty. (argued), Phoenix, Ariz., for defendant-appellant.

Before KOELSCH and HUFSTED-LER, Circuit Judges, and ORRICK,* District Judge.

ORRICK, District Judge:

Defendant, Saul G. Schenker, appeals the denial of post-conviction relief requested pursuant to 28 U.S.C. § 2255 (1948). Schenker was charged, along with several codefendants in a multi-count indictment, with violations of the Interstate Land Sales Act (the Act). 15 U.S.C. § 1703 (1968). The statute provides in pertinent part:

"(a) It shall be unlawful for any developer or agent, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce, or of the mails—

(1) to sell or lease any lot in any subdivision unless a statement of record with respect to such lot is in effect in accordance with section 1706 of this title and a printed property report, meeting the requirements of section 1707 of this title, is furnished to the purchaser in advance of the signing of any contract or agreement for sale or lease by the purchaser; and

(2) in selling or leasing, or offering to sell or lease, any lot in a subdivision—

(A) to employ any device, scheme, or artifice to defraud, or

(B) to obtain money or property by means of a material misrepresentation with respect to any information included in the statement of record or the property report or with respect to any other information pertinent to the lot or the subdivision and upon which the purchaser relies, or

(C) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser."

Defendant was charged with violating subsections (a)(1) and (a)(2) of the Act in separate counts of the indictment. He pled guilty to Count VIII of the indictment which charged him with violating subsection (a)(1) by failing to file a statement of record for subdivision property to be sold. He pled not guilty to Count IX of the indictment which charged him with violating subsection (a)(2) by employing a scheme and artifice to defraud in the sale of property. The sole question on appeal is whether 15 U.S.C. § 1703(a)(1) standing alone charges a crime. We hold that it does.

Appellant points to the conjunctive term "and" joining subsections (a)(1) and (a)(2) of the statute, and argues that all of the elements of both of these subsections must be fulfilled before there is a violation of law. However, the legislative history of the statute establishes that Congress intended each subsection of the Act to constitute a separate and independent crime.

The Act was originally introduced in response to an increase in fraudulent sales that were eroding public confidence in the land sales industry. The original senate bill [1] was modeled on the Securities Act of 1933 (15 U.S.C. § 77a *et seq.*) which makes it illegal to sell any security interstate without first filing a registration statement (15 U.S.C. § 77e); and also makes it illegal to sell securities interstate by any fraudulent means (15 U.S.C. § 77q). In introducing the bill, Senator Williams made it clear that these dual principles of full disclosure were also to operate independently in the land sales industry. He stated that under the proposed law:

"It would be illegal to sell the land unless the registration statement was in effect." 113 Cong.Rec. 316 (1967).

Later in the same comments he indicated:

"Another protection for the purchaser would be the right to sue the developer for damages if his purchase was made on the basis of misstatements or omissions of fact. In addition, this bill

---

* Honorable William H. Orrick, Jr., United States District Judge for the Northern District of California, sitting by designation.

1. S. Bill 275, 90th Cong., 1st Sess. (1967).

would make it unlawful to sell lots in a subdivision by the use of fraudulent devices or practices, or by using misstatements of facts or misleading facts." 113 Cong.Rec. 316 (1967).

In enacting the Act, Congress was trying to supplement the existing fraud statutes (18 U.S.C. § 1341 (1948) *et seq.*) by imposing a separate affirmative duty on a land dealer to disclose all information, good and bad, about the property to be let or sold. This was to be achieved by requiring statements of record to be filed. As stated by Senator Mondale, a cosponsor of the original senate bill:

"Fraud statutes meet a fundamental problem here of the person who affirmatively misrepresents a fact, who openly lies about something that is false. The fraud statute will help reach that problem, but we are trying to get at a different objective here, one in addition to fraud. That is the affirmative responsibility on one who sells real estate in interstate commerce, in most cases sight unseen, to affirmatively tell all of the facts, the bad as well as the good, and it is a different principle that we are trying to achieve in this measure that has to be clearly understood." 113 Cong.Rec. 317.

Unlike the fraud statutes that were aimed at remedying deceptions that had already occurred, the Act was to provide additional before-the-fact protections. Senator Williams made this clear in referring to the final version of the Act:

"Most federal procedures now in effect are after-the-fact measures which are used only after the harm has been done, the fraud perpetrated, the buyer bilked. We need before-the-fact protection." 114 Cong.Rec. 15271.

Under the existing after-the-fact fraud statutes the government only needed to establish that an instrument in interstate communication of the mails had been used in furtherance of a scheme to defraud. However, under appellant's conjunctive theory requiring proof of all the elements in both subsections (a)(1) and (a)(2) of the Act, the government would have to prove far more. Appellant would require the government to prove that (1) the mails or facilities of interstate commerce were used (2) in selling or leasing or offering to sell or lease (3) a lot in a subdivision (4) while employing a scheme to defraud, and (5) actually selling or leasing such a lot (6) which did not have a statement of record filed with respect to it, and (7) no printed property report was given to the purchaser in advance of signing the contract for sale. This would lead to the illogical result that a statute aimed at expanding control over the land sales industry actually imposed a higher standard on the prosecution than was demanded under the very legislation the new act was intended to supplement. We reject such a statutory construction.

The denial of the 28 U.S.C. § 2255 motion for post-conviction relief was correct. Affirmed.