Leo A. LUKENAS and Geraldine R. Lukenas, etc., on behalf of themselves and all others similarly situated, Appellants,

v.

BRYCE'S MOUNTAIN RESORT, INC., et al., Appellees.

No. 76–1600.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 13, 1975.

Decided June 30, 1976.

Albert A. Carretta, Francis C. Browne, Washington, D.C. (Browne, Beveridge, DeGrandi & Kline, Edward T. Colbert, Wilkes

& Artis, and William E. Constable, Washington, D.C., on brief), for appellants.

M. Langhorne Keith, Washington, D.C. (Richard J. M. Poulson, Hogan & Hartson, Washington, D.C., on brief), for appellees.

Before CLARK,* Supreme Court Justice, Retired, and RUSSELL and WIDENER, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

This is an interlocutory appeal, certified by the District Court under § 1292(b), 28 U.S.C. in a consolidated action under the provisions of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701, et seq.[1] The plaintiffs are lot purchasers in a real estate subdivision developed by the defendants. The issue is the denial of class certification by the District Court in favor of all lot purchasers in the subdivision on the ground that the prerequisites under subdivisions (3) and (4) of section (a), Rule 23, Fed.R.Civ.P., were not satisfied. We affirm.

On their appeal, the plaintiffs, who seek to rescind their individual purchase of lots in a Virginia subdivision and to recover all sums paid by them in connection with such purchase, with interest, contend primarily that the District Court erred in failing to uphold class action certification under subdivision (b)(2) of Rule 23.[2] They assert that their action is one for a declaratory judgment to the effect that their lot purchases were voidable on account of the defendants-sellers' violations of the provisions of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1703(b), et seq.;[3] and that, as such, it fits precisely into the language of subdivision (b)(2) of Rule 23, which authorizes class certification in cases where "final injunctive relief or corresponding declaratory relief with respect to the class as a whole" is appropriate. But, as the Court said in Eisen v. Carlisle & Jacquelin (2d Cir.1968), 391 F.2d 555 at 564,[4] "[s]ubsection b(2) was never intended to cover cases * * * where the primary claim is for damages, but is only applicable where the relief sought is exclusively or predominantly injunctive or declaratory."[5] And this construction conforms to the Advisory Committee's Note on this subsection:

"Declaratory relief 'corresponds' to injunctive relief when as a practical matter it affords injunctive relief or serves as a basis for later injunctive relief. (Italics added.)[6]

The action here looks neither to injunctive relief nor does it demand a declaratory judgment which may serve "as a basis for later injunctive relief." It is true the plaintiffs speak of their action as one for rescission under the Act, but they seek rescission

---

* Sitting by Designation.

1. The petition for an interlocutory appeal in this Court was deferred for action along with the hearing on the merits. The petition is hereby granted.

2. In pressing this point, the plaintiffs would assume that the plaintiffs, by their action, meet the requirements of section (a) of Rule 23. To maintain a class action, one must satisfy all four of the provisions of section (a) and one of the subdivisions of section (b). Eisen v. Carlisle & Jacquelin (1974), 417 U.S. 156, 163, 94 S.Ct. 2140, 40 L.Ed.2d 732; Albertson's, Inc. v. Amalgamated Sugar Company (10th Cir.1974), 503 F.2d 459, 463.

3. For a good discussion on the legislative purpose and intent as expressed in this Act, see, Schenker v. United States (9th Cir.1976), 529 F.2d 96. Federal jurisdiction under this Act is authorized under § 1719, 15 U.S.C. ·

4. For further proceedings in this case, see 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 742.

5. See, also, Causey v. Pan Am. World Airways, Inc. (E.D.Va.1975), 66 F.R.D. 392, 398; McAdory v. Scientific Research Instruments, Inc. (D.Md.1973), 355 F.Supp. 468, 472; Bogosian v. Gulf Oil Co. (E.D.Pa.1973), 62 F.R.D. 124, 133; Graybeal v. American Savings & Loan Association (D.C.D.1973), 59 F.R.D. 7, 15.

    In Causey, the Court said:
    "With regard to Rule 23(b)(2), the law is clear that this subdivision does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages * * *." 66 F.R.D. at 398.

6. The Committee's Notes are printed in 39 F.R.D. 69 and the discussion of 23(b)(2) appears at 102.

simply as a predicate for a monetary judgment. It is a monetary judgment that the plaintiffs seek and that is obvious from the phrasing of their prayer. Such an action is not suitable for treatment as a class action under Rule 23(b)(2). See Thompson v. T.F.I. Companies, Inc. (N.D.Ill.1974), 64 F.R.D. 140 at 149; cf., Wetzel v. Liberty Mutual Insurance Co. (3d Cir.1975), 508 F.2d 239, 250, cert. denied, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975).

It is, however, unimportant to determine whether the action meets the criteria of (b)(2), if the District Court's finding that plaintiffs' action failed to qualify for class action treatment under subdivisions (3) and (4) of section (a) of Rule 23, qualifications which a party must satisfy as a basis for class certification before compliance with section (b) of Rule 23 is considered, is correct. In reaching the conclusion it did, the Court referred to what was a "serious lack of a common interest" on the part of all members of the alleged class in the relief sought by the plaintiffs; in fact, it found that the interests of the overwhelming majority of the purchasers of lots in the subdivision were "antagonistic" to the claims asserted by the plaintiffs. This, the Court observed, had often been considered a proper basis for denying class certification.[7] Nor did it find the suggestion that such

antagonism could be cured by resort to the "opt-out" provision in the Rule an answer to this disqualification.[8] Moreover, it determined "from the record before" it that there · were "numerous individual differences. among members of the class which will affect the right to rescission that plaintiffs are seeking to establish."

The District Court outlined in some detail the individual differences "in rights" among members of the proposed class considered by it to be evident on the record. Some of the purchasers, it was said, acquired their lots before the defendants had filed a "Statement of Record" with the Secretary of Housing and Urban Development,[9] or furnished the purchasers a "Property Report." [10] Others, however, purchased in reliance on material misrepresentation or omission made in the "Property Report" received by them.[11] There were, the District Court observes, "at least six different Statements of Record and Property Reports applicable to the various purchasers," creating different claims of alleged fraudulent representations available to purchasers who bought in reliance on such "Statements" or "Reports." Necessarily, the rights of these parties, arising as they do out of fraudulent representations which may vary widely between purchasers, are hardly suitable for class treatment.[12]

---

**7.** For a similar case involving claims asserted under the ILSFDA, in which the Court reached a like result, in addition to the cases cited in the District Court's opinion, see White v. Deltona Corp. (S.D.Fla.1975), 66 F.R.D. 560, 562–3. In Hoffman v. Charnita (M.D.Pa.1973), 58 F.R.D. 86, the action under the Act concerned material representations in a Statement of Record and the rights of all members of the class rested on the identical Statement of Record. As we shall point out later, there was no single Statement of Record in this case and Hoffman is not pertinent.

**8.** In addition to cases cited on this point by the District Court, see Thompson v. T.F.I. Companies, Inc., supra (64 F.R.D. at 149); Aamco Automatic Transmissions, Inc. v. Tayloe (E.D. Pa.1975), 67 F.R.D. 440, 447; cf., however, Tober v. Charnita (M.D.Pa.1973), 58 F.R.D. 74, 81.

**9.** 15 U.S.C. § 1704.

**10.** 15 U.S.C. § 1707.

The findings of the District Court are set forth in Lukenas v. Bryce's Mountain Resort (W.D.Va.1975), 66 F.R.D. 69, 71.

**11.** Whether "reliance" is essential to such an action or not is subject to some doubt. Compare Hoffman v. Charnita, supra (58 F.R.D. at 90), and Rockefeller v. High Sky, Inc. (E.D.Pa. 1975), 394 F.Supp. 303, 305. In the latter case, the Court said:

"* * * Congress clearly and explicitly made the purchaser's right to rescind depend only on the failure to file the statement of record and the failure to furnish the printed property report at or before the time of the signing of the agreement."

The Court in Rockefeller accordingly refused to admit evidence that the purchasers were sophisticated business people who actually inspected the site.

**12.** The Advisory Committee's Notes on revised Rule 23 include this comment:

"* * * although having some common core, a fraud case may be unsuited for treat-

█ It is apparently uncontested that some purchasers made their purchase before the defendant developer had filed any "Statement of Record" with the Secretary. Their right of action was plain. But the defendants urge that such actions are in most, if not all, instances barred by the limitations fixed in the Act itself.[13] In some instances, the 3-year provision in the Act would be a bar, in others, the 2-year provision.[14] In most, if not all of the cases with which this litigation is concerned, the primary issue will be, not whether the Act was violated, or perhaps the appropriate statute of limitation, but whether the statute of limitations was tolled. The grounds on which a statute of limitations may be tolled are fixed by federal standards, *Melhorn v. Amrep Corporation* (M.D.Pa.1974), 373 F.Supp. 1378 and 1380 (involving, as here, a claim of tolling in a so-called rescission action under ILSFDA), and the burden of establishing a factual basis for meeting those standards rests on the plaintiffs, *Burke v. Gateway Clipper* (3d Cir.1971), 441 F.2d 946 at 948. To make out such tolling, the plaintiff under the federal rule must show not only that he exercised due diligence to discover his cause of action prior to the running of the statute but also that the defendant was guilty of "some affirmative act of fraudulent concealment [which] frustrated discovery notwithstanding such diligence."[15] There will patently be considerable difference in rights, so far as tolling the statute is concerned between a lot purchaser who relies on the bare failure to file a Statement of Record or furnish the purchasers a "Property Report" for a cause of action under § 1709 of the Act and one who plants his rights on a false or fraudulent statement in the "Property Report" furnished him under the Act, in reliance on which the purchaser acquired his lot. In the first case the facts, which represent merely a plain and obvious violation of the statute, offer little or no opportunity for a successful establishment of the tolling; in the other case, where there is a claim of fraudulent misrepresentation, the ability to establish tolling may be eased somewhat.

There is still another basis for difference in the rights of the parties, as illustrated by the claim of the plaintiff Lukenas. Lukenas apparently relies on the Soldiers' and Sailors' Civil Relief Act, § 525, 50 App. U.S.C. for relief on his part from the bar of the statute of limitations as fixed under the Act itself.

█ Without enlarging further on the variety of issues posed by the possible claims of the members of the alleged class, it can hardly be gainsaid that few of the claims of the alleged class members are controlled, in their resolution, by any com-

ment as a class action if there was material variation in the representations made or in the kinds or degrees of reliance by the persons to whom they were addressed."

In *Tober v. Charnita, supra* (58 F.R.D. at 82), where class treatment in an action under the Act was upheld, the Court was careful to point out that, *had there been differences in the representations as made to the various purchasers, "the court would have to deny class action status."*

**13.** 15 U.S.C. § 1711.

**14.** *See Hall v. Bryce's Mountain Resort, Inc.* (W.D.Va.1974), 379 F.Supp. 165, 169; *Jacobsen v. Woodmoor Corp.* (W.D.Mo.1975), 400 F.Supp. 1, 3–4; *Hester v. Hidden Valley Lakes, Inc.* (N.D.Miss.1975), 404 F.Supp. 580, 582.

**15.** *See City of Detroit v. Grinnell Corp.* (2d Cir.1974), 495 F.2d 448, 461 (an anti-trust case); *Hupp v. Gray* (7th Cir.1974), 500 F.2d 993, 996 (a 10(b) SEC case); *Burton v. Terrell* (W.D.Va.1973), 368 F.Supp. 553, 557 (a fraud action under the Virginia statute); *Hall v. Bryce's Mountain Resort, supra* (379 F.Supp. at 169–70) (a related case to the immediate one).

In *Hall*, the Court, dealing with a rescission case involving this very subdivision and the possible tolling of the statutory limitation, said:

" * * * Mere ignorance or lack of knowledge on the part of the plaintiffs is not sufficient to suspend the operation of the statute. To suspend the statute of limitations in this case, there would of necessity have to have been some positive, affirmative action on the part of the defendant, designed to conceal the existence of liability and to operate in some way upon the plaintiffs to prevent or delay the bringing of the suit. Mere silence by the defendant, absent any fraudulent acts or representations, is not such concealment as would prevent the running of the statute." *Hall v. Bryce's Mountain Resort, supra* (379 F.Supp. at 169–70).

mon question either of law or of fact; indeed, the determination of most of the claims, it would seem, would turn on facts peculiar to that claim. Under these circumstances, the District Court did not abuse its discretion in denying class treatment.[16]

The judgment of the District Court, denying class certification herein, is accordingly

*AFFIRMED.*

---

**16.** *See Bermudez v. United States Dept. of Agriculture* (1973), 160 U.S.App.D.C. 150, 490 F.2d 718, 725, *cert. denied* 414 U.S. 1104, 94 S.Ct. 737, 38 L.Ed.2d 559 (1973); *Carter v. Butz* (3d Cir.1973), 479 F.2d 1084, 1089, *cert. denied,* 414 U.S. 1103, 94 S.Ct. 737, 38 L.Ed.2d 559 (1973).

In *McCown v. Heidler* (10th Cir.1975), 527 F.2d 204, the District Court, in an action both for common-law fraud and for alleged violation of the ILSFDA in the sale of undeveloped lots in a real estate development, had granted conditional class certification. On appeal, this action was merely found not to be an abuse of discretion but with the proviso that "we in no way foreclose the trial court's continuing exercise of discretion on this issue." 527 F.2d at 211. This opinion would thus emphasize the discretion possessed by the trial court in these cases and the disposition of appellate courts not to interfere with the exercise of such discretion save in the situation where there is clear error.