**C.H. KIRKMAN, Jr., Plaintiff,**

v.

**NORTH CAROLINA RAILROAD COMPANY; Norfolk Southern Railway Company; and Qwest Communications Corporation; Defendants.**

**No. 1:01 CV 850.**

United States District Court,
M.D. North Carolina.

Jan. 5, 2004.

Arthur J. Donaldson, Donaldson & Black, P.A., Greensboro, NC, for Plaintiff.

Charles E. Coble, Reid L. Phillips, Brooks, Pierce, McLendon, Humphrey & Leonard, Greensboro, NC, Paul K. Sun, Jr., Matthew W. Sawchak, Ellis & Winters, LLP, Raleigh, NC, for Defendants.

## MEMORANDUM OPINION

TILLEY, Chief Judge.

This case is before the Court on Plaintiff's Motion to Certify a Class Action in accordance with Federal Rule of Civil Procedure 23. [Doc. # 11]. For the reasons set forth below, the motion will be DENIED.

## I.

Plaintiff C.H. Kirkman owns uninhabited property in Guilford County, North Carolina. Defendant Norfolk Southern Railway Company ("Norfolk Southern"), a Virginia corporation, holds a railroad right-of-way across Mr. Kirkman's property. Norfolk Southern holds similar rights-of-way throughout North Carolina. Norfolk Southern and its predecessors obtained their right-of-way interests through various methods, including private conveyance, legislative grant, condemnation, and adverse possession. Some of the right-of-way interests are easements, and others are owned in fee. For example, Norfolk Southern holds a right-of-way in the form of an easement across Mr. Kirkman's property, while it appears to have fee interests in the rights-of-way on either side of Mr. Kirkman's property.

On or about July 7, 1997, Norfolk Southern granted a twenty-five year license in over 300 miles of rights-of-way across North Carolina to Defendant Qwest Communications Corporation ("Qwest"). The license was granted to Qwest, a Delaware corporation in the business of providing high-speed telecommunications and internet services, for the purposes of installing and maintaining fiber optic cable ("cable"). The function of the cable is to carry long distance voice and data transmissions. Qwest began installing cable on Norfolk Southern's rights-of-way in 1997 and completed installation in 1999. The installation of cable across Mr. Kirkman's property was completed in May of 1998.

Mr. Kirkman brought suit against Defendants Norfolk Southern and Qwest in the Superior Court for the State of North Carolina, Guilford County on August 7, 2001.[1] According to Mr. Kirkman, Qwest's use of Norfolk Southern's right-of-way exceeds the scope of the railroad right-of-way and, therefore, constitutes trespass. He therefore brings the following causes of action: trespass, continuing trespass, unjust enrichment, slander of title, excessive use of a right of way, civil conspiracy, and inverse condemnation. Mr. Kirkman seeks both declaratory relief and monetary damages, including punitive damages.

Defendants removed this action pursuant to 28 U.S.C. § 1441 on September 7, 2001, based on diversity of citizenship. Mr. Kirkman filed a Motion to Certify a Class Action on January 31, 2002. He purports to represent a class consisting of:

> all owners of land in the state of North Carolina that currently own land, or that acquire ownership in land prior to final judgment herein that is or was subject to an easement for a limited purpose held by a railroad on which Defendants have entered to install or maintain or utilize fiber optic cable without obtaining the consent of the owner of the land and without payment of compensation to the landowner.

---

1. Mr. Kirkman also originally brought suit against non-diverse Defendant North Carolina Railroad Company, but dismissed his claims against that Defendant on November 15, 2001 [Doc. # 8].

For the reasons described below, Mr. Kirkman's Motion to Certify the Class Action will be DENIED.

## II.

Certification of class actions is governed by Federal Rule of Civil Procedure 23 ("Rule 23"), which involves a two-part inquiry. A party seeking certification must first demonstrate that he has met the four requirements provided in Rule 23(a), the section of the rule applicable to all class actions. If all of those four requirements are met, the moving party also carries the burden to show that his case falls within at least one of the three categories set forth in Rule 23(b). *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 614, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). In determining the propriety of class certification, the Court must examine the merits of the case, and may not confine itself to the allegations of the complaint. *Shelton v. Pargo, Inc.,* 582 F.2d 1298, 1312 (4th Cir.1978).

Courts must "rigorously apply" the Rule 23 requirements to assure that the rule is not abused. *Broussard v. Meineke Discount Muffler Shops, Inc.,* 155 F.3d 331, 345 (4th Cir.1998). The ultimate goal of the Court in analyzing Rule 23 is to "best serve the ends of justice for the affected parties and ... promote judicial efficiency." *In re A.H. Robins Co., Inc.,* 880 F.2d 709, 740 (4th Cir.1989). With this goal in mind, each of the class certification requirements will be addressed, in turn, below.

## A.

The first hurdle for a party seeking class certification is to establish the four threshold requirements found in Rule 23(a). The four requirements are as follows: (1) numerosity of class members; (2) commonality of legal and factual questions within the class; (3) typicality of the named plaintiff's claims; and (4) adequacy of representation. The numerosity requirement does not appear to be disputed and will not be discussed further.[2]

Both the commonality and typicality requirements of Rule 23(a) function to ensure that plaintiffs are only grouped together if they will be advancing the same or similar legal and factual arguments. *Broussard v. Meineke Discount Muffler Shops, Inc.,* 155 F.3d 331, 340 (4th Cir.1998). The main difference between the two requirements is that commonality focuses on the claims within the class, while typicality focuses on the named plaintiff's claim. *Id.* To meet the commonality requirement, the plaintiff must show that the class claims share common questions of law and fact. Fed.R.Civ.P. 23(a)(2). To meet the typicality requirement, the proposed class representative must have the same interests and injury as other class members. *Broussard,* 155 F.3d at 344.

■ Mr. Kirkman essentially argues that the common questions surrounding Qwest's right to install cable along the railroad rights-of-way in North Carolina require a finding of commonality. The common scheme of laying cable across each right-of-way without first seeking the permission of the property owners is alleged to be the tie that binds the class. Although Mr. Kirkman concedes that the monetary damages for each plaintiff will vary, he argues that the legal and factual issues the potential class members share are essentially the same. Similarly, he argues that his injury meets the typicality requirement because he, like all of the class members, suffered from Defendants' alleged trespass.

The problem with Mr. Kirkman's position on commonality and typicality is that the Defendants' right to lay cable on a railroad right-of-way is only part of the equation. Other issues involved in this case include the nature of the Defendants' property interest in each of the disputed rights-of-way, the property interest of each potential class member in the right-of-way at the time of the alleged trespass, and the possibility of statute of limitations defenses for some class members. A class member can only establish trespass if he shows both that he owned the land in question, and that the Defendants had no right to enter that land. By its nature as a property dispute, this inquiry is

---

2. Mr. Kirkman asserts that there are hundreds, if not thousands, of possible class members. The Defendants rely on the numerosity and diversity of possible plaintiffs to argue that a class action would be unmanageable, in essence conceding the point.

necessarily an individual one. In essence, a preliminary legal determination is necessary for each potential class member before the Defendants' conduct is even relevant.

■ Even if this Court were to determine that Mr. Kirkman met his burden of showing that common legal and factual issues were at stake, the typicality requirement cannot be met here. Because of the individual property interest questions involved in this lawsuit, the common issue of whether the Defendants had the right to install cable makes it difficult for any individual plaintiff to establish that his claims are typical of any other plaintiff's claims. Mr. Kirkman has provided no evidence that his deed is similar to the deeds held by other potential class members, or that there is a limited range of possible deed language. *See e.g., Fisher v. Va. Electric and Power Co.*, 217 F.R.D. 201 (E.D.Va.2003) (finding class certification appropriate in a fiber optic cable right-of-way case where plaintiffs demonstrated that there were a limited number of possible deed clauses at issue, all of which were express easements).

In order to succeed, each potential class member would have to establish individual property rights. Specifically, each plaintiff would first have to show that Norfolk Southern only held an easement, and not a fee interest, in the disputed right-of-way. This inquiry alone is a complicated matter, as Norfolk Southern's predecessors obtained its rights-of-way through a variety of individually negotiated deeds and governmental acts. If Norfolk Southern did not own the right-of-way outright, each plaintiff would have to establish current ownership rights to the right-of-way property, a process which could require another lengthy and complicated title search.

Another problem with the typicality of Mr. Kirkman's claims involves the statute of limitations. The statute of limitations on the trespass actions Mr. Kirkman brings is three years from the date of the trespass.[3] There-fore, any class member who alleges the installation of cable prior to August of 2001 would be subject to a statute of limitations defense. Other class members would not face this defense. In fact, Mr. Kirkman's claim in particular appears barred by the statute of limitations as the cable on his property was installed in May of 1998 and his Complaint was not filed until August of 2001.

■ The final factor in the Rule 23(a) analysis is that of adequate representation. The Court does not question that Mr. Kirkman has employed skilled counsel. However, the conclusion that Mr. Kirkman's claims are not typical of those of the other class members leads naturally to a conclusion that he cannot adequately represent the claims of the proposed class. A class certainly is not adequately represented by a plaintiff whose claims are both atypical and time-barred.

■ In addition to the four factors enumerated in Rule 23(a), the Court should also consider the definition of the class itself when determining the appropriateness of class certification. A class should not be certified unless the class description is "sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1760 (2d ed. 1986 & Supp.2003). While the Court would eventually be able to ascertain potential class members through detailed title searches, this task is simply not administratively feasible given the number of potential members across more than 300 miles of land.

### B.

Even if this Court were to find that Mr. Kirkman met the four requirements for class certification under Rule 23(a), he is unable to establish the requirements of any of the three specific class certification categories in Rule 23(b). To meet the requirements of

---

**3.** While Mr. Kirkman contends that the three year statute of limitation set out in N.C. Gen.Stat. 1–52(17) does not apply to this action, the Fourth Circuit disagrees. *See Gasperson v. Sprint Communications Co. L.P.*, 1997 WL 770931 (4th Cir. Dec. 16, 1997) (finding § 1–52(17) applicable in trespass action against Sprint and Norfolk Southern for laying cable on a Norfolk Southern railroad right-of-way), *followed by Curtis v. Norfolk Southern Ry. Co.*, 2003 WL 1965467 (M.D.N.C. Apr. 11, 2003).

Rule 23(b), Mr. Kirkman must establish either: (1) that prosecution of separation actions would risk inconsistent standards of conduct for the Defendants, or would impede the ability of other class members to protect their interests; (2) that the class is primarily seeking injunctive or declaratory relief;[4] or (3) that common questions predominate over individual questions such that a class action is superior to any other method of adjudication.

■ Mr. Kirkman's Motion for Class Certification indicates that this action qualifies for certification under each of the three possible class action types. However, certification is not appropriate under any of the three. Certification under Rule 23(b)(1) is inappropriate because of the individual nature of the potential class members' claims. Because, as discussed above, a determination of the relative rights of the parties in this property dispute is an individual one, neither the potential class members nor the Defendants will be disadvantaged by individual adjudications. A finding that one plaintiff has insufficient property rights relative to the Defendants does not require a finding that any other plaintiff cannot prevail. Similarly, a finding that one plaintiff is entitled to a large amount of damages for trespass does not mandate that the Defendants will be liable for a comparable amount in any other plaintiff's claims.

■ Certification under Rule 23(b)(2) is inappropriate because the class is not primarily seeking injunctive relief. Mr. Kirkman openly admitted that his primary goal in instituting this lawsuit was to obtain monetary damages. He does not seek to have the cable removed from the right-of-way, and stated that he had no remedy in mind other than obtaining financial recovery and teaching companies not to trespass. (Kirkman Dep. at 171, 211.)

■ Certification under 23(b)(3) is also inappropriate because, even if this Court were to concede that common issues existed, they do not *predominate* over individual issues in a way that makes the class action superior to individual adjudication. Rule 23(b)(3) provides several factors for the Court to consider in determining whether certification is appropriate. The first inquiry is whether class members have an interest in individual adjudication, and the extent to which litigation has already been brought. Another inquiry involves weighing the advantages and disadvantages in maintaining and managing the litigation in this forum.

For the reasons discussed under the commonality and typicality requirements of Rule 23(a), this Court finds that the common issues of whether the Defendants can properly lay cable on a railroad right-of-way without seeking permission do not predominate over the individualized property inquiries that will be required to establish liability. The difficulty in managing a large number of diverse property claims outweighs any advantage that might be gained by addressing all claims against the Defendants at the same time. Because the interest of parties in individual litigation is unclear,[5] this factor is not determinative.

■ The necessity for individual damage determinations does not necessarily foreclose class certification. In fact, the Fourth Circuit has held that Rule 23 "explicitly envisions class actions with such individualized damage determinations," especially where damage calculations are not complex. *Gunnells v. Healthplan Services, Inc.*, 348 F.3d 417, 428–29 (4th Cir.2003). However, this case presents a variety of potentially impacted commercial, rural, and urban property. Just as with the issues of ownership and liability, the issue of damages would likely require a lengthy inquiry and present yet another complex management issue. A class action is simply not the superior way to handle this litigation.

4. The Fourth Circuit has interpreted Rule 23(b)(2) to apply only where injunctive, and not monetary, relief is the predominant relief sought. *See e.g., Lukenas v. Bryce's Mountain Resort, Inc.*, 538 F.2d 594, 595 (4th Cir.1976).

5. Mr. Kirkman appears to be the only person who has come forth in response to the class action solicitation letter circulated by his counsel. However, potential class members do not appear to have filed individual claims either.

### III.

For the reasons stated above, Mr. Kirkman's Motion to Certify a Class Action will be DENIED.

### JUDGMENT

For the reasons set forth in a contemporaneously filed Memorandum Opinion, the Plaintiff's Motion to Certify a Class Action [Doc. # 11] is DENIED.

